[No. A011609. First Dist., Div. Four. Aug. 15, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ALVESTER LEONARD NEAL, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Certified for publication except as to parts 1 through 5 of the discussion (Cal. Rules of Court, rule 976.1).

**COUNSEL**

Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, Harriet Wiss Hirsch and George L. Schraer, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ronald E. Niver and John W. Runde, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PANELLI, J.**—A jury found Alvester Leonard Neal guilty of rape (Pen. Code, § 261, subd. (3)[2]), oral copulation (Pen. Code, § 288a[3]), burglary (§ 459) and robbery (§ 211), and found the allegations of deadly weapon use (§ 12022, subd. (b)) appended to each offense to be true. On appeal he claims numerous sentencing errors. Although we find that his contentions lack merit, we do remand the case for resentencing pursuant to *People* v. *Belmontes* (1983) 34 Cal.3d 335 [193 Cal.Rptr. 882, 667 P.2d 686].

The evidence shows that appellant approached the victim, Mrs. L., as she was outside her apartment washing her car. After engaging Mrs. L. in brief conversation, appellant brandished a piece of broken glass and ordered her to take him to her apartment. Once inside, appellant committed the charged sex acts. He then removed $3 from Mrs. L.'s purse. Before leaving, he threatened to kill her if she told anyone about the incident.

The court sentenced appellant to an aggregate term of twenty-three years in state prison, as follows: an aggravated term of eight years for rape, designated the principal term, plus three years for the weapon use allegation (§ 12022.3); a consecutive aggravated eight-year term for the oral copulation (§ 667.6, subd. (c)), plus an additional three years for the use allegation (§§ 1170.1, subd. (i)[4]); and a consecutive one year term (one-third the midterm) for the robbery conviction (§ 1170.1, subd. (a)). A concurrent two-year term imposed for the burglary conviction was ordered stayed (§ 654).[5] The sentence was ordered to run consecutively to a previous sentence imposed in Orange County.

### Discussion

1. *Failure to Plead Enhancement.**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[2]See now Penal Code section 261, subdivision (2).

[3]All further statutory references are to the Penal Code.

[4]The weapon use allegations on the robbery and burglary charges were stricken.

[5]Until 1982 amendments to section 1170.1, subdivisions (c) through (i) were designated (b) through (h). (West's Ann. Pen. Code, § 1170.1, (1984 supp.) p. 293; Deering's Ann. Pen. Code, § 1170.1 (1984 Supp.) p. 116.)

*See footnote, *ante,* page 69.

### 6. *Use Enhancement.*

Counts five (rape) and six (oral copulation) of the information alleged that appellant used a deadly weapon within the meaning of section 12022, subdivision (b).[11] The jury found the use allegations to be true. The court enhanced the terms imposed on the rape and oral copulation counts by three years each, pursuant to section 12022.3[12] (See § 1170.1, subd. (i).) ■ Relying on *People* v. *Bergman* (1984) 154 Cal.App.3d 30 [201 Cal.Rptr. 54], appellant argues that the three-year enhancements must be modified to one year because the deadly weapon use allegations in the information invoked section 12022, subdivision (b), rather than section 12022.3.

In *Bergman* the court held that where (1) the information alleged firearm use enhancements pursuant to section 12022.5 (imposing a two-year enhancement), (2) the jury returned verdict forms specifying firearm use pursuant to section 12022.5, and (3) the minute order reflected that the sentence enhancements were added pursuant to that section, imposition of three-year enhancements pursuant to section 12022.3 was error requiring modification of the judgment. (154 Cal.App.3d at pp. 37-39.) Citing *People* v. *Najera* (1972) 8 Cal.3d 504 [105 Cal.Rptr. 345, 503 P.2d 1353], the court, without further explication, stated that the defendant did not receive "fair notice" that the prosecution would seek against him application of section 12022.3. (*People* v. *Bergman, supra,* 154 Cal.App.3d at p. 39.)

■ The purpose of the due process notice requirement is to afford an accused " ' ' "a reasonable opportunity to prepare and present his defense and not to be taken by surprise by evidence offered at his trial." ' ' " (*People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368 [173 Cal.Rptr. 453, 627 P.2d 183]; *People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].) ■ Here the information fully informed appellant that he was charged with using a deadly weapon, "to wit, broken glass," in the commission of the sex offenses. He therefore could not be surprised by proof of such use, nor can he say that the preparation of his defense to meet the facts would have been different if the information had alleged use under the provisions

---

[11]Section 12022, subdivision (b) provides in pertinent part: "(b) Any person who personally uses a deadly or dangerous weapon in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of one year. . . ."

[12]Section 12022.3 provides: "For each violation of Section 261, 264.1, 286, 288, 288a or 289, and in addition to the sentence provided, any person shall receive an enhancement (a) of three years if such person uses a firearm or any other deadly weapon in the commission of such violation or (b) of two years if such person is armed with a firearm or any other deadly weapon."

of section 12022.3, rather than section 12022, subdivision (b). (See *People v. Hopkins* (1974) 39 Cal.App.3d 107, 112-113 [113 Cal.Rptr. 880].)

█ The defendant also has the right to notice that the prosecution is seeking enhanced punishment. (See § 1170.1, subd. (i); *People v. Hopkins, supra,* 39 Cal.App.3d at p. 113; *People v. Henderson* (1972) 26 Cal.App.3d 232, 238 [102 Cal.Rptr. 670].) When the facts supporting such enhancement are neither alleged nor found by the trier of fact, the aggravation of sentence cannot stand. (*People v. Ford* (1964) 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892]; *People v. Hopkins, supra,* 39 Cal.App.3d 107; *People v. Henderson, supra,* 26 Cal.App.3d 232; see also *People v. Najera, supra,* 8 Cal.3d at p. 509, fn. 4, 512.) █ Here, however, appellant was fully informed that the People were seeking to enhance his sentence for use of a deadly weapon. The question thus presented is whether the misstatement of the code section relied on by the prosecution, indicating a lesser enhancement than that imposed, requires modification of the judgment to reduce the enhancement to the one pleaded.

With the exception of *People v. Bergman, supra,* 154 Cal.App.3d 30, no case directly on point has been found. In *People v. Najera, supra,* 8 Cal.3d 504, relied on by the *Bergman* court, the People sought to enhance the defendant's sentence for *use* of a firearm pursuant to section 12022.5, when the information alleged only that he was *armed* with a firearm (not a basis for sentence enhancement in the circumstances of the defendant's first-degree robbery conviction). The court held that by failure to submit the issue of firearm use to the jury, the prosecution waived application of section 12022.5. (8 Cal.3d at p. 512.) With respect to the failure to plead the firearm use, the court in a footnote stated: "Although defendant has raised no objection to the adequacy of the information in this regard, it is clearly the better practice, in terms of giving defendant fair notice of the charges against him, to set forth in the information whether or not application of section 12022 [at the time relating only to being armed] or 12022.5 [relating to use] will be sought." (*Id.,* at p. 509, fn. 4.)

We believe that where the information puts the defendant on notice that a sentence enhancement will be sought, and further notifies him of the facts supporting the alleged enhancement, modification of the judgment for a misstatement of the underlying enhancement statute is required only where the defendant has been misled to his prejudice. (See, e.g., *People v. Flores* (1971) 6 Cal.3d 305, 308 [98 Cal.Rptr. 822, 491 P.2d 406] [plea bargain]; *People v. Hopkins, supra,* 39 Cal.App.3d at p. 113 [jury waiver]; *People v. Henderson, supra,* 26 Cal.App.3d at p. 238 [no notice of possible enhancement]; cf. *People v. Schueren* (1973) 10 Cal.3d 553, 558 [111 Cal.Rptr. 129, 516 P.2d 833] and cases cited [misstatement of statute vio-

lated].) In the present case appellant makes no claim of prejudice, nor can we conceive of any in the circumstances of the case. Hence, modification of the three-year enhancements to one year is not necessary.

The judgment of conviction is affirmed and the matter is remanded to the trial court for resentencing in compliance with *People* v. *Belmontes, supra,* 34 Cal.3d at page 349.

Poché, Acting P. J., and Caldecott, J.,* concurred.

A petition for a rehearing was denied September 10, 1984, and appellant's petition for a hearing by the Supreme Court was denied October 19, 1984.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.