Filed 8/28/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re OSCAR MANUEL VAQUERA<br><br>on Habeas Corpus. | G056786<br><br>(Super. Ct. No. 12NF0653)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to challenge an order of the Superior Court of Orange County, David A. Hoffer, Judge. Petition denied.

Sharon Petrosino, Public Defender, Miles David Jessup and Matthew Darling, Deputy Public Defenders for Petitioner.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Paige B. Hazard and James M. Toohey, Deputy Attorneys General for Respondent.

\*          \*          \*

Penal Code section 667.61 (the "One Strike" law) provides that if a defendant is convicted of a designated sex offense, and there is a finding of one or more aggravating circumstances, then the court shall impose a sentence of either 15 or 25 years

to life.[1]  If a designated sex offense is committed against multiple victims, the default sentence is 15 years to life.  (§ 667.61, subd. (b).)  But if multiple victims are under 14 years of age, the sentence must then be 25 years to life.  (§ 667.61, subd. (j)(2).)

Here, the People filed an information alleging petitioner Oscar Manuel Vaquera committed a lewd or lascivious act against John Doe number one and John Doe number two, who were both children under 14 years of age.  (§ 288, subd. (a).)  These are designated offenses under the One Strike law.  (§ 667.61, subd. (c)(8).)  As to each count, the People alleged that Vaquera committed the crime "against more than one victim."  The jury convicted Vaquera of both counts and found true the multiple victim allegations.  The court imposed a concurrent sentence of 25 years to life.

There are pleading and proof requirements under the One Strike law.  (§ 667.61, subd. (f).)  Here, the information complied with the statute.  But at issue in this habeas corpus proceeding is a due process question:  whether the information gave Vaquera fair notice of the possibility of a 25-year-to-life sentence.  The multiple victim allegations in the information referred to section 667.61, subdivision (b), which designates the 15-year-to-life default sentence, rather than subdivision (j)(2), which designates the 25-year-to-life exception when the victims are under 14 years of age.

We find no due process violation.  The facts alleged in the information, as well as the 25-year-to-life exception under section 667.61, subdivision (j)—which is specifically mentioned within section 667.61, subdivision (b)—gave Vaquera fair notice that he was subject to a sentence of 25 years to life.

Thus, we deny Vaquera's petition for a writ of habeas corpus.

---

[1] Further undesignated statutory references are to the Penal Code.

2

# I

## FACTS AND PROCEDURAL BACKGROUND

In March 2012, during a child pornography investigation, police executed a search warrant at an Anaheim apartment. A family with two teenage boys lived in the apartment. Vaquera lived there as a friend of the family. The police discovered that Vaquera had repeatedly videotaped the boys while they were in the bathroom. The police interviewed Vaquera; he made several incriminating admissions.

*The Information*

In October 2012, the People filed an information. Count one alleged that Vaquera committed a lewd and lascivious act upon John Doe number one, "a child under the age of fourteen (14) years," sometime between October 18, 2007, and October 17, 2008. (§ 288, subd. (a).) Count two alleged that Vaquera committed a lewd and lascivious act upon John Doe number two, "a child under the age of fourteen (14) years," sometime between May 1, 2011, and March 1, 2012. (§ 288, subd. (a).) Counts three, four, and five alleged child pornography charges. (§ 311.4, subd. (d).)

The information stated: "As to Count(s) 1, it is further alleged pursuant to Penal Code sections 667.61(b)/(e)(5), that in the commission of the above offense, [Vaquera] committed an offense specified in Penal Code section 667.61(c) against more than one victim." The information stated: "As to Count(s) 2, it is further alleged pursuant to Penal Code sections 667.61(b)/(e)(4), that in the commission of the above offense, [Vaquera] committed an offense specified in Penal Code section 667.61(c) against more than one victim."[2] The information further alleged that Vaquera engaged in substantial sexual contact with a child. (§ 1203.66, subd. (a)(8).)

---

[2] In 2011, the multiple victim allegation changed from section 667.61, subdivision (e)(5), to subdivision (e)(4). (Stats. 2011, ch. 361, § 5.)

*Trial Court Proceedings*

In June 2014, a jury found defendant guilty of the five charged crimes and found true the three sentencing allegations.

In August 2014, the People filed a sentencing brief recommending that Vaquera receive a sentence of 30 years to life. The People argued that the two multiple victim allegations each provided for a mandatory sentence of 15 years to life. The People urged the court to run the terms on counts one and two consecutively.

In September 2014, the People filed a second sentencing brief this time recommending that Vaquera receive a sentence of 40 years to life. The People argued that the multiple victim allegation as to count one provided for a mandatory sentence of 15 years to life. The People now argued that the multiple victim allegation as to count two provided for a mandatory sentence of 25 years to life. The People urged the court to run the terms on counts one and two consecutively.

On September 26, 2014, the trial court sentenced Vaquera to a total prison term of 25 years to life. The court imposed a 25-year-to-life sentence as to count two. The court imposed a 15-year-to-life sentence as to count one, to run concurrent to count two. The court stayed (§ 654), or ran concurrent, the prison terms for the three child pornography counts, as well as the substantial sexual conduct allegation.

*Subsequent Proceedings*

On October 5, 2016, this court filed an opinion affirming the judgment. (*People v. Vaquera* (Oct. 5, 2016, G050801) [nonpub. opn.].)

On August 25, 2017, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court indicating that the abstract of judgment may be in error or incomplete: "Penal Code Section **667.61(a) and (b)** are for **Sex Offenders** and section (**a**) shall be punished by imprisonment in the state prison for 25 years to Life and section (**b**) shall be punished by imprisonment in the state prison for

4

15 years to Life. As the terms in Counts 1 and 2 coincide with being sentenced pursuant to PC 667.61(b) we have recorded Counts 1 and 2 as such. If this is not in accordance with the Court's intent, please advise this office."

On March 2, 2018, the trial court conducted a hearing regarding the CDCR letter. After hearing arguments, the court issued a ruling that "declines to change the sentencing minute order or the abstract of judgment in the case." The court ruled: "The minute order correctly states the sentence to be 25 years to life. The Information alleged that count one occurred on or about and between October 18, 2007 and October 17, 2008. At that time the sentence prescribed by law for the crime and allegation was 15 years to life. The Information alleges that count two occurred on or about and between May 1, 2011 and March 1, 2012. By this time the law had changed. Pursuant to Penal Code section 667.61(j)(2) (added in 2010), the sentence prescribed by law for the crime and allegation was 25 years to life. The Court correctly sentenced defendant to [the] sentences prescribed by law - 15 years to life on count 1 and 25 years to life on count 2. Because the Court sentenced defendant concurrently on those counts, the total sentence on counts 1 and 2 was 25 years to life."

On September 11, 2018, Vaquera filed a petition for a writ of habeas corpus in this court, arguing that his 25-year-to-life sentence violates due process. Vaquera's prayer for relief requested that the sentence be vacated and that he be resentenced to a 15-year-to-life prison term. (§ 667.61, subd. (b).) We summarily denied the habeas corpus petition.

On November 16, 2018, Vaquera filed a petition for review. The California Supreme Court granted the petition and later transferred the matter back to this court with directions to vacate our "order denying the petition for writ of habeas corpus, and to issue an order directing respondent to show cause in that court why petitioner is not entitled to the relief requested." (See Cal. Rules of Court, rule 8.385(d) ["order to show cause does not grant the relief sought"].)

II

DISCUSSION

Vaquera argues that his due process rights were violated because the trial court imposed a 25-year-to-life sentence under section 667.61, subdivision (j)(2), which was not specifically alleged in the information.  The Attorney General argues that Vaquera's claim is barred on waiver and timeliness grounds.  Alternatively, the Attorney General argues that the information gave Vaquera fair notice of a possible 25-year-to-life sentence because the information referred to section 667.61, subdivision (b), which includes an exception for a 25-year-to-life sentence under subdivision (j)(2).

We reject the Attorney General's waiver and timeliness objections because Vaquera is claiming that the court imposed an unauthorized sentence; Vaquera can essentially raise that claim at any time, so long as he remains in custody.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354; *In re Harris* (1993) 5 Cal.4th 813, 838-841.)  However, we agree with the Attorney General on the merits.  The information gave Vaquera fair notice of a possible 25-year-to-life sentence under section 667.61, the One Strike law.

A.  *The information complied with due process principles.*

It is a fundamental rule of due process that a defendant must be given fair notice of any alleged crimes in order to mount a possible defense.  (U.S. Const., 6th Amend. ["the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation"]; U.S. Const., 14th Amend.; Cal. Const., art. I, § 15.)  A defendant's right to fair notice applies equally to "allegations that will be invoked to increase the punishment for his or her crimes."  (*People v. Houston* (2012) 54 Cal.4th 1186, 1227.)

California law provides that:  "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified."  (§ 952.)  The accusatory pleading does not have to state the number of the statute, it may be "in any words sufficient to give

6

the accused notice of the offense of which he is accused." (§ 952; *People v. Thomas* (1983) 43 Cal.3d 818, 826 ["a valid accusatory pleading need not specify by number the statute under which the accused is being charged"].) Similarly, the number of an enhancement statute does not have to be alleged, so long as the accusatory pleading apprises the defendant of the potential for the enhanced penalty and alleges every fact and circumstance necessary to establish its applicability. (*Ibid*.)

Indeed, even if the People allege the wrong numbered statute, the pleading is still valid if it alleges facts sufficient to give the defendant fair notice of the alleged crime and/or sentence enhancement and the defendant was not prejudicially misled. (*People v. Neal* (1984) 159 Cal.App.3d 69, 73 (*Neal*).) In *Neal*, the information alleged defendant used a deadly weapon during the commission of a rape and an oral copulation, within the meaning of section 12022, subdivision (b), which allowed an additional one-year term of imprisonment. The jury found weapon enhancements true. However, the trial court increased defendant's imprisonment to three years per crime, relying on section 12022.3, which provides an enhancement for using a dangerous weapon during the commission or attempted commission of certain sex crimes. (*Neal*, at p. 72.)

On appeal, defendant argued the three-year enhancements should be modified to one year because the information relied on section 12022, subdivision (b), rather than section 12022.3. (*Neal*, *supra*, 159 Cal.App.3d at p. 72.) The Court of Appeal disagreed, holding that "where the information puts the defendant on notice that a sentence enhancement will be sought, and further notifies him of the facts supporting the alleged enhancement, modification of the judgment for a misstatement of the underlying enhancement statute is required only where the defendant has been misled to his prejudice." (*Id*. at p. 73.) Because defendant made no prejudice argument—such as the preparation of his defense would have been different had the prosecution alleged the imposed weapons enhancement—the court did not reduce the sentence. (*Id*. at p. 74.)

7

The California Supreme Court later held that the *Neal* court "engaged in the proper analysis." (*People v. Thomas* (1987) 43 Cal.3d 818, 830 (*Thomas*).) In *Thomas*, the Supreme Court also disapproved of the analysis of the Court of Appeal in *People v. Bergman* (1984) 154 Cal.App.3d 30 (*Bergman*). The *Bergman* court came to a contrary conclusion under essentially the same facts as in *Neal*, *supra*, 159 Cal.App.3d 69.

"The flaw in *Bergman's* analysis is the court's failure to recognize the language of the pleading itself—irrespective of the statutory specification—should have alerted the defendant he faced the increased enhancement term. Thus, it is not true the defendant in *Bergman* was given 'no notice' since the wording of the information shows he must have been cognizant he was called on to refute an allegation he used a firearm during the commission of the charged felonies. Since we have seen *it is the language of the accusatory pleading which is controlling and not the specification of the statute by number* [citation], the proper inquiry in *Bergman* should have been whether the defendant was misled to his prejudice by the notation in the information that he was charged with an enhancement under section 12022.5 rather than 12022.3. Since, as in *Neal*, *supra*, 159 Cal.App.3d 69, it did not appear the defendant in *Bergman* would have prepared his defense any differently . . . , he suffered no prejudice and reversal on this ground was unwarranted." (*Thomas*, *supra*, 43 Cal.3d at p. 831, italics added.)

Here, the same rationale as in *Thomas* applies. The information notified Vaquera that he would be subject to a One Strike life sentence under section 667.61, by virtue of the two qualifying crimes alleged under subdivision (c),[3] and the two multiple victim aggravating circumstances alleged under subdivision (e).[4] That is, the information

[3] "This section shall apply to any of the following offenses: [¶] . . . [¶] (8) Lewd or lascivious act, in violation of subdivision (a) of Section 288." (§ 667.61, subd. (c)(8).)

[4] "The following circumstances shall apply to the offenses specified in subdivision (c): [¶] . . . [¶] (4) The defendant has been convicted in the present case or cases of committing an offense . . . against more than one victim." (§ 667.61, subd. (e)(4).)

8

properly alleged that Vaquera committed lewd and lascivious acts against John Doe one and John Doe two, who were both alleged to be under 14 years of age, and a section 667.61 multiple victim allegation as to each crime.

It is true that the information referenced section 667.61 subdivision (b), which requires a default 15-year minimum parole eligibility period.[5] But the information also put Vaquera on notice that he would be subject to a 25 year minimum parole eligibility period by virtue of the facts alleged in the information: two lewd and lascivious acts against John Doe one and John Doe two, who were both children under 14 years of age.[6] As stated by the California Supreme Court, "the language of the pleading itself—irrespective of the statutory specification—should have alerted the defendant he faced the increased enhancement term." (*Thomas*, *supra*, 43 Cal.3d at p. 831.)

Our conclusion that the People provided adequate notice of the possibility of a 25-year-to-life sentence is further supported by *People v. Tennard* (2017) 18 Cal.App.5th 476 (*Tennard*). In *Tennard*, the prosecution filed an information charging defendant with a nonstrike offense (inflicting corporal injury to a spouse/cohabitant). The information charged two prior strike allegations, including a forcible rape. (*Id*. at p. 482.) Under the "Three Strikes" law Reform Act of 2012, a forcible rape is a "super strike," which makes a defendant ineligible for sentencing as a second strike offender. (*Id*. at pp. 483-484.) The jury found defendant guilty. The court found the two strike

_____

[5] "Except as provided in subdivision (a), (j), (l), or (m), any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life." (§ 667.61, subd. (b).)

[6] "[A] person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ." (§ 288, subd. (a).)

9

allegations true and imposed a 25-year-to-life sentence. (*Id*. at p. 482.) On appeal, defendant claimed "the court had no authority to impose the 25-year-to-life term." Defendant argued that "the prosecution erroneously failed to specifically 'plead and prove' that his prior forcible rape conviction was a super strike which disqualified him or rendered him ineligible to be sentenced as a second strike offender . . . ." (*Id*. at p. 481.)

The Court of Appeal rejected defendant's claim: "The allegation of the forcible rape conviction, which was identified by its code section number . . . and as 'RAPE BY FORCE,' sufficiently notified defendant that the prosecution would seek to disqualify him from second strike sentencing eligibility . . . based on the forcible rape conviction. Although Penal Code section 667, subdivision (e)(2)(C) was not referenced in the information, it was not required to be. It was effectively noted by the reference to Penal Code section 667, subdivision '(e)(2)(A),' which specifically references, in its introductory clause, section 667, subdivision (e)(2)(C) as an exception to its provisions." (*Tennard*, *supra*, 18 Cal.App.5th at pp. 487-488.)

Here, similar to the rationale in *Tennard*, *supra*, 18 Cal.App.5th 476, although the 25-year-to-life exception for victims under 14 years of age, was not referenced in the information charging Vaquera, it was not required to be. (§ 667.61, subd. (j)(2).)[7] The 25-year-to-life exception was effectively noted in the information by reference to section 667.61, subdivision (b), which specifically references, in its introductory clause, section 667.61, subdivision (j), as an exception to its provisions.

Further, Vaquera has not shown that he suffered any prejudice. That is, Vaquera has not shown that he would have prepared or defended his case any differently had the People alleged the One Strike sentencing enhancement under section 667.61,

_____

[7] "Any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life." (§ 667.61, subd. (j)(2).)

subdivision (j)(2), rather than under section 667.61, subdivision (b). Thus, Vaquera's 25-year-to-life sentence does not violate his constitutional right to due process of law.

*B. Vaquera's legal citations and arguments are not persuasive.*

Vaquera argues that two published opinions compel a different result: *People v. Mancebo* (2002) 27 Cal.4th 735 (*Mancebo*), and *People v. Wilford* (2017) 12 Cal.App.5th 827 (*Wilford*). We find *Mancebo* and *Wilford* to be distinguishable. Vaquera also argues that another recent published opinion should be followed. (*People v. Jimenez* (2019) 35 Cal.App.5th 373 (*Jimenez*).) *Jimenez* is directly on point, but we respectfully disagree with the appellate court's legal analysis in that opinion.

In *Mancebo*, *supra*, 27 Cal.4th 735, defendant kidnapped a victim at gunpoint and committed multiple sex crimes. Defendant later committed sex crimes against a second victim, again using a firearm. (*Id*. at p. 740.) The People filed an information charging defendant with 10 sex crimes. The information further alleged three aggrevating circumstances: kidnapping, gun use, and "tying or binding" the victim. However, "the information never alleged the multiple victim circumstance . . . nor was its numerical subdivision . . . ever referenced in the pleadings." (*Ibid*.) Nevertheless, the trial court substituted the multiple victim circumstance for the two gun use allegations and imposed two consecutive 25-year-to-life sentences. (*Ibid*.) The court held defendant's sentence violated the statute's own pleading requirements. (*Id.* at p. 743.) The court reasoned: "The provisions of the One Strike law, taken as a whole, require that subdivision (e) qualifying circumstances be 'pled and proved' [citation], and as elsewhere provided, 'be alleged in the accusatory pleading and either admitted by the defendant in open court or found true by the trier of fact.'" (*Id*. at p. 751.)

In this case, unlike *Mancebo*, the information properly alleged the two multiple victim aggravating circumstances under their numerical subdivision, section 667.61, subdivision (e). The information stated: "As to Count(s) 1, it is further alleged

11

pursuant to Penal Code sections 667.61(b)/(e)(5), that in the commission of the above offense, [Vaquera] committed an offense specified in Penal Code section 667.61(c) against more than one victim." The information also stated: "As to Count(s) 2, it is further alleged pursuant to Penal Code sections 667.61(b)/(e)(4), that in the commission of the above offense, [Vaquera] committed an offense specified in Penal Code section 667.61(c) against more than one victim." Therefore, the information complied with the pleading requirements listed under section 667.61, as interpreted by the California Supreme Court in *Mancebo*, *supra*, 27 Cal.4th 735. And further, because the jury found Vaquera guilty of count two, and the jury found the corresponding multiple victim aggravating circumstance as pleaded in the information to be true, the trial court properly imposed the required 25-year-to-life sentence.

In *Wilford*, *supra*, 12 Cal.App.5th at pages 829, 835-836, the defendant was charged with and convicted of two counts of corporal injury to a cohabitant, which ordinarily carries a sentence of two, three, or four years. However, section 273.5 also provides that if the defendant had a prior conviction for the same offense within the previous seven years, the sentencing triad becomes two, four, or five years under subdivision (f)(1), and if the court grants probation, it has to impose a minimum 15-day jail sentence under subdivision (h)(1). (*Id.* at pp. 835-836, fns. 6 & 7.) The information included an allegation of the prior conviction with reference to section 273.5, subdivision (h)(1), but made no mention of subdivision (f)(1). (*Id.* at p. 838.) The court concluded that Wilford could not be sentenced under the triad provided in section 273.5, subdivision (f)(1) because: "The amended information specified that, for counts 5 and 6, Wilford faced a sentence of two, three, or four years with the possibility of an additional 15 days under section 273.5, subdivision (h)(1) for each count. There was *no indication whatsoever* that Wilford faced the possibility of a sentence of two, four, or five years for each of those same offenses under section 273.5, subdivision (f)(1)." (*Id.* at p. 840, italics added.)

In this case, unlike *Wilford*, the pleading should have indicated to Vaquera that he faced the possibility of a 25-year-to-life sentence.  Again, the information stated: "As to Count(s) 2, it is further alleged pursuant to Penal Code sections *667.61(b)/(e)(4)*, that in the commission of the above offense, [Vaquera] committed an offense specified in Penal Code section 667.61(c) against more than one victim."  (Italics added.)  And section 667.61, subdivision (b), states in pertinent part:  "*Except as provided in subdivision . . . (j) . . .* any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life."  Were it not for the section 667.61 subdivision (j)(2) exception, which is noted in subdivision (b), Vaquera's situation would be more closely aligned with *Wilford*.  But in this case Vaquera was fairly put on notice that:  "Any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), *upon a victim who is a child under 14 years of age*, shall be punished by imprisonment in the state prison *for 25 years to life*."  (§ 667.61, subd. (j)(2), italics added.)

In *Jimenez*, *supra*, 35 Cal.App.5th 373, the People charged defendant with 19 sex crimes against three children.  As to 13 counts, the information alleged that defendant committed the crimes against more than one victim under section 667.61, subdivisions (b) and (e).  The trial court imposed consecutive 25-year-to-life sentences under section 667.61, subdivision (j)(2).  (*Jimenez*, at pp. 377, 394.)  Relying on *Mancebo*, *supra*, 27 Cal.4th 735, the Court of Appeal concluded:  "Here, the information only informed Jimenez he could be sentenced to terms of 15 years to life under Penal Code section 667.61, subdivisions (b) and (e), for committing the alleged offenses against multiple victims.  The information did not put him on notice that he could be sentenced to terms of 25 years to life under section 667.61(j)(2) for committing those offenses upon multiple victims, *at least one of whom was under 14 years of age*.  Under these

13

circumstances, imposition of sentence under section 667.61(j)(2) violated Jimenez's constitutional right to due process." (*Jimenez,* at p. 397, fn. omitted.)

We respectfully disagree with the legal analysis in *Jimenez*, *supra*, 35 Cal.App.5th 373. The *Jimenez* court never considered the fact that the 25-year-to-life exception under section 667.61, subdivision (j)(2), is specifically provided for within section 667.61, subdivision (b). Further, the *Jimenez* court did not distinguish its facts (an information with multiple victim sentencing allegations) from that in *Mancebo*, *supra*, 27 Cal.4th 735 (an information with no multiple victim sentencing allegations). Nor did the *Jimenez* court contrast its case with *Wilford*, *supra*, 12 Cal.App.5th 827.

*C. The court imposed a mandatory 25-year-to-life sentence.*

Finally, Vaquera's argument is essentially based on the notion that the People could have elected to pursue a prison term of 15 years to life under section 667.61, subdivision (b), rather than a prison term of 25 years to life under section 667.61, subdivision (j)(2). Vaquera states: "There is no reason to believe the People *could not* select prosecution and sentencing under section 667.61, subdivision (b), as that subdivision is still current law and clearly fits the facts of this case."

Vaquera is fundamentally mistaken. Section 667.61, subdivision (b), *requires* a sentence of 15 years to life "*[e]xcept as provided* in subdivision . . . (j) . . . .*" (Italics added.) And section 667.61, subdivision (j)(2), *requires* that any person coming under its provisions "*shall be punished* by imprisonment in the state prison for 25 years to life." (Italics added.) Because the Legislature used the word "shall," and because the prosecution properly pleaded and proved multiple victim allegations for qualifying sex offenses in which the victims were under 14 years of age, the trial court was *required* to impose a 25-year-to-life sentence under section 667.61, the One Strike law.

14

III

DISPOSITION

Vaquera's petition for a writ of habeas corpus is denied.


                                                    MOORE, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.