[No. A050784. First Dist., Div. Five. Mar. 30, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC HASKIN, Defendant and Appellant.

**COUNSEL**

Jeffrey A. Schafer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HANING, J.**—Eric Haskin appeals the sentence imposed for his conviction of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (b)),[1] contending the court imposed a greater sentence enhancement for a prior conviction than that authorized by the charging statute which he admitted. (§ 667.5, subd. (b).) We agree, and affirm as modified.

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

## HISTORY

Because appellant is not contesting his underlying robbery conviction, a discussion thereof is unnecessary.

In addition to the underlying robbery, the information contained four enhancement allegations: three 5-year terms under section 667 for prior serious felony convictions (a 1982 and 1977 residential burglary and a 1982 robbery) and one 1-year term under section 667.5, subdivision (b) for a prior prison term for conviction of a 1979 burglary.

Appellant denied the five-year section 667 enhancements and proceeded to trial thereon, which resulted in a conviction on the 1982 priors and a dismissal of the enhancement alleging the 1977 conviction.

Appellant advised the court he would admit the one-year enhancement alleged under section 667.5, subdivision (b). The court observed that the allegation did not indicate whether the prior burglary was residential. The People did not move to amend the information, but asked the court to make such a finding, based on their exhibit containing proceedings of the 1979 burglary conviction. Before making any finding the court asked appellant to admit the prior conviction *as charged.* After appellant answered affirmatively, the court stated: "And, taking judicial notice of the procedures, I read that in the information it is charged that he entered the residence of the victim. So it was a residential burglary." The People then asked that appellant waive his rights regarding the enhancement he had admitted, and the following colloquy occurred:

"THE COURT: All right. You understand you didn't have to admit that?

"[APPELLANT]: Yes, I do understand.

"THE COURT: [Y]ou had a right to have me consider the evidence on it.

"[APPELLANT]: Yes.

"THE COURT: And, as a matter of fact you [prosecutor, presumably] did offer evidence, which assumes he does not admit it. [¶] I've got sufficient evidence, independent of his admission, to show that the fact is a valid prior."

Appellant was subsequently sentenced, over his objection, to a five-year consecutive sentence for the 1979 burglary conviction. The court reasoned

that although appellant was charged in the instant information under section 667.5, subdivision (b), which imposes a one-year term enhancement, "[T]he issue is what was he accused of and what did he do . . . . [T]he legal fact, taking judicial notice of the records of this Court, including the accusatory pleading, including his waiver of rights . . . and all the other factors, [is] that it was a residential burglary, and, therefore, by operation of law, it's five years, whether it's pled five years or not five years . . . ." Although the court did not identify the statute upon which it based the five-year term, it was apparently relying on section 667, which provides that any person convicted of a "serious felony," which includes burglary of an inhabited dwelling house (§§ 667, subd. (d); 1192.7, subd. (c)(18)), shall receive a five-year enhancement for each prior conviction of a serious felony, as well as relying on *People* v. *Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150], which held that the trial court, in determining the truth of a section 667 allegation, may look beyond the abstract of judgment of the prior offense to the entire record of conviction. The abstract of judgment in the instant case erroneously identifies the challenged enhancement as a five-year enhancement under section 667.5, subdivision (b).

DISCUSSION

I

The principal issue is whether the court erred in sentencing appellant to a term greater than that authorized by the charging statute he admitted.

Due process requires that an accused be advised of the specific charges against him so he may adequately prepare his defense and not be taken by surprise by evidence offered at trial. (*People* v. *Hernandez* (1988) 46 Cal.3d 194, 208 [249 Cal.Rptr. 850, 757 P.2d 1013]; *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368 [173 Cal.Rptr. 453, 627 P.2d 183].) This means that except for lesser included offenses, an accused cannot be convicted of an offense of which he has not been charged, regardless of whether there was evidence at his trial to show he committed the offense. (*People* v. *Toro* (1989) 47 Cal.3d 966, 973 [254 Cal.Rptr. 811, 766 P.2d 577].) An exception exists if the accused expressly or impliedly consents or acquiesces in having the trier of fact consider a substituted, uncharged offense. (*Ibid.*; *People* v. *Ramirez* (1987) 189 Cal.App.3d 603, 622 [233 Cal.Rptr. 645].) The same rules apply to enhancement allegations. (See *People* v. *Jackson* (1985) 37 Cal.3d 826, 835 [210 Cal.Rptr. 623, 694 P.2d 736].)

The instant information specifically alleged separate enhancements under sections 667 and 667.5, subdivision (b) for separate prior offenses.

Section 667 imposes a five-year consecutive term for each prior "serious felony" conviction when the new offense is also a "serious felony." Section 667.5, subdivision (b) enhances prison terms for new offenses by one year for "each prior separate prison term served for any felony . . . ." The latter statute does not attach any significance to the character or nature of the prior felony. Thus, the allegation under section 667.5, subdivision (b) enhancement put appellant on notice that the People were seeking to prove merely that he served a prior prison term for a felony. It also put him on notice that, should the People succeed in proving the allegation, he would be subject to no more than a one-year term in addition to the term imposed for the new offense. The allegation did not put appellant on notice that the People were attempting to prove that the prior felony was a specific type of felony, nor did it put him on notice that he was subject to a five-year additional term. In fact, its careful segregation from three other specific section 667 allegations notified appellant that the People recognized a distinction between the two statutes and that each required proof of different elements.

■ Adequate notice to the defendant of the offense with which he is charged is not determined solely by the charging statute. A reference to an incorrect penal statute can be overcome by factual allegations adequate to inform the defendant of the crime charged. (See *People* v. *Thomas* (1987) 43 Cal.3d 818 [239 Cal.Rptr. 307, 740 P.2d 419]; *People* v. *Neal* (1984) 159 Cal.App.3d 69 [205 Cal.Rptr. 384].) In *Neal,* the defendant was charged with, inter alia, two sex offenses, and an allegation that he used a deadly weapon during the commission thereof within the meaning of section 12022, subdivision (b), which imposes a one-year enhancement. The jury found the allegation true, but the court sentenced defendant under section 12022.3, which imposes a three-year enhancement for each violation of designated sex offenses. *Neal* concluded that because the information put defendant on notice that a sentence enhancement was sought, and further notified him of the *facts supporting the allegation,* he had not been misled to his prejudice by the incorrect statutory citation in the information, so the judgment did not require modification to reduce the enhancement to the one pleaded. (*People* v. *Neal, supra,* at pp. 73-74.)

■ Here, appellant was charged under a specific enhancing statute— section 667.5, subdivision (b)—and the factual allegations thereto supported that charging statute. However, those factual allegations were *insufficient* to support a section 667 enhancement, the statute upon which appellant's sentence was based. A section 667 enhancement requires that the defendant be previously convicted of a "serious felony," and burglary is not deemed a serious felony unless it was of an inhabited dwelling house. (§ 1192.7, subd. (c)(18).) The information alleged only that appellant had been convicted of

burglary. It made no allegation that the burglary was of an inhabited dwelling house or a residence. Furthermore, appellant's admission was limited to the "crime of burglary." He did not admit the character of the burglary, and all discussion thereof took place between the court and the prosecutor subsequent to his admission. (See *People* v. *Flores* (1971) 6 Cal.3d 305, 308-309 [98 Cal.Rptr. 822, 491 P.2d 406] [sentence on guilty plea to a specific crime can be no greater than that statutorily authorized for the crime admitted, despite postplea evidence of facts supporting an enhancement].)

There is nothing in the record to suggest appellant impliedly consented to have the court consider the section 667.5, subdivision (b) allegation as a nonincluded section 667 enhancement. The fact that he was willing to admit an enhancement carrying a penalty of one year, but refused to do so on the five-year enhancements, implies a contrary attitude. As *People* v. *Ramirez, supra,* 189 Cal.App.3d 603, notes, the cases concerned with uncharged offenses involve those in which the uncharged offense is a lesser offense. "Conviction for an uncharged greater offense not only raises the problem of notice but makes the inference of consent more difficult, as there is no reason why a defendant should acquiesce in substitution of a greater for a lesser offense." (*Id.,* at p. 623.)

Finally, it should be obvious that a court cannot accept a guilty plea or admission from a defendant, and thereafter accept evidence or make findings that change the character of the crime or enhancement admitted so as to increase the authorized punishment therefor. (See, e.g., *Boykin* v. *Alabama* (1969) 395 U.S. 238, 242 [23 L.Ed.2d 274, 279, 89 S.Ct. 1709]; *People* v. *Hill* (1974) 12 Cal.3d 731, 767 [117 Cal.Rptr. 393, 528 P.2d 1]; *People* v. *Godfrey* (1978) 81 Cal.App.3d 896, 902 [147 Cal.Rptr. 9]; *People* v. *McDaniels* (1958) 165 Cal.App.2d 283, 284-285 [331 P.2d 450].)

Because appellant was neither statutorily nor factually charged with, nor consented to, a substituted section 667 enhancement in conjunction with the 1979 offense, the trial court was without authority to impose a sentence greater than that authorized by section 667.5, subdivision (b), the charging statute which appellant admitted.

## II

In their petition for rehearing the People contend the proper remedy in the event of reversal of the five-year enhancement is remand to the trial court for rearraignment on a section 667 allegation. In their original brief they argued there was an "informal" amendment of the information to charge a section 667 allegation. In their conclusion they argued that "[i]f the court

finds the informal amendment of the information to be defective, it should remand the case to the trial court and appellant should be arraigned on the amended prior conviction allegation. *In the event* the district attorney determines not to proceed on the amended prior conviction allegation or *this Court finds the informal amendment fatally defective, the enhancement for appellant's 1979 conviction should be reduced to one year (Pen. Code, § 667.5, subd. (b)) and the abstract of judgment amended accordingly.*" (Italics added.)

The People rely on *People* v. *Hopkins* (1974) 39 Cal.App.3d 107 [113 Cal.Rptr. 880], as support for their proposed remedy. In *Hopkins*, the defendant was charged with robbery. After he waived a jury and agreed to a court trial, the People were permitted to amend the information to allege an intentional infliction of great bodily injury. The court found, pursuant to former section 213, that the defendant intentionally inflicted great bodily injury on the victim. Because the amendment increased the maximum sentence, the Court of Appeal reversed, ruling that the information could not be amended to increase the punishment *after* defendant had waived his right to a jury.

*Hopkins* is not controlling. The error there was the denial of jury trial on the amended information. Here, amendment of the information is not an issue because, contrary to the People's suggested "informal" amendment, the information was never amended. Rather, the issue is whether appellant can be sentenced on a charge other than that with which he was charged, admitted and convicted.

Unlike *Hopkins* or other cases involving the denial of constitutional protections or the basic right to a fair trial, the instant case involves sentencing error. The sentence for a section 667.5, subdivision (b) enhancement is fixed; the trial court obviously did not intend to strike the enhancement, and appellant does not claim otherwise. When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified. (See, e.g., *People* v. *Mesa* (1975) 14 Cal.3d 466, 471-472 [121 Cal.Rptr. 473, 535 P.2d 337]; *People* v. *Ketchel* (1969) 71 Cal.2d 635, 639, fn. 2 [79 Cal.Rptr. 92, 456 P.2d 660]; *People* v. *White* (1988) 202 Cal.App.3d 862, 871 [249 Cal.Rptr. 165]; *People* v. *Crenshaw* (1986) 177 Cal.App.3d 259, 266-267 [222 Cal.Rptr. 824]; *People* v. *Cree* (1981) 123 Cal.App.3d 1013, 1017 [177 Cal.Rptr. 54].)

## DISPOSITION

The judgment is modified by striking the term of five years imposed for the section 667.5, subdivision (b) enhancement and substituting therefore the

statutory term of one year, for a total sentence of six years. As so modified, the judgment is affirmed.

King, Acting P. J., and Low, J.,* concurred.

*Retired Presiding Justice of the Court of Appeal, First District, sitting under assignment by the Chairperson of the Judicial Council.