Filed 5/22/14  P. v. Grayson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MICHAEL LEE GRAYSON, JR., <br><br> Defendant and Appellant. | H039089 <br> (Santa Clara County <br> Super. Ct. No. C1065816) |

Defendant Michael Lee Grayson, Jr., appeals from a judgment of conviction entered after he pleaded guilty to six counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c) - counts 1-6),[1] one count of attempted second degree robbery (§§ 664, 211, 212.5, subd. (c) - count 7), three counts of criminal threats (§ 422 - counts 8-10), and five counts of false imprisonment (§§ 236, 237, subd. (a) - counts 11-15).  Defendant also admitted three prior strike convictions (§§ 667, subd. (b)-(i), 1170.12) and three prior serious felony convictions (§ 667, subd. (a)).  The trial court imposed a prison term of 100 years to life consecutive to a determinate term of 60 years.  On appeal, defendant contends:  (1) the trial court erred by imposing two prior serious felony enhancements pursuant to section 667, subdivision (a) when the two underlying convictions were not charged and tried separately; (2) the imposition of

---

[1]     All further unspecified statutory references are to the Penal Code.

serious felony enhancements as to counts 8 through 10 must be reversed because defendant was neither charged with nor did he admit enhancements as to these counts; and (3) the abstract of judgment must be corrected to reflect the oral pronouncement of judgment as to counts 11 through 15.  We agree and modify the judgment.  As modified, the judgment is affirmed.

### I.  Statement of Facts[2]
### A. Counts 1 to 3 (§ 211), Counts 8 & 9 (§ 422),
### Counts 11 to 13 (§§ 236, 237)

At approximately 6:15 p.m. on October 25, 2009, defendant entered a Radio Shack store in San Jose and told Jesse Griego, an employee, that he had a gun in his waistband and motioned toward his waist.  Defendant then escorted Griego to the store counter where there were two other employees, Paola Arango and Airica Musa.  Defendant took $40, a driver's license, and credit cards from Griego's wallet.  Defendant told Arango, "I am not playing games.  I have a gun!  Give me all the cash and everything in your pockets and your wallet."  After taking approximately $700 from the cash register, defendant accused Griego of lying about whether there was no additional cash and threatened to shoot him.  Defendant then took the three employees to the rear of the store before he fled the scene.

### B.  Count 4 (§ 211)

At about 8:30 p.m. on October 28, 2009, defendant entered a Radio Shack store in Mountain View.  While speaking to Andrew Cermak, an employee, defendant pulled back his jacket and displayed what appeared to be a semiautomatic pistol in his waistband.  Defendant told Cermak to distract the only other store employee by giving

---

[2]     The statement of facts is taken from the probation officer's report.

2

him a task, take the cash from the registers, give it to him, and go to the rear of the store. Defendant also threatened to shoot Cermak if he did not do what he was told. Cermak complied and gave defendant approximately $500 from the cash register. Defendant also took Cermak's wallet and a remote-controlled toy jeep before he left.

## C. Counts 5 & 6 (§ 211), Count 10 (§ 422), and Counts 14 & 15 (§§ 236, 237)

At about 9:15 p.m. on November 4, 2009, defendant entered a Toys "R" Us store in San Jose. After asking Michael Kelly, an employee, about video game systems, defendant said, "Don't do anything stupid. I don't want to kill you." Defendant also pulled back his jacket to display a bulge in his waistband. Kelly, who believed defendant was armed with a gun, gave him the money from the cash register. Defendant then escorted Kelly to another cash register where there were two other employees, including Jimmy Bateh. Defendant asked for the large bills under the register tray and then said, "Hurry up or I will shoot your ass." After the money was handed to defendant, he told the victims to walk to the rear of the store. Defendant left with $1,918.

## D. Count 7 (§§ 664, 211)

At about 8:30 p.m. on December 2, 2009, defendant entered a GameStop store in San Jose and asked Steve Sanchez, an employee, to come over to him. As Sanchez approached, defendant said, "You see this gun," while grabbing his waistband. Sanchez saw an object under defendant's shirt and believed it was a gun. After defendant told Sanchez to get some Sony PlayStations, Sanchez went into a storage room, closed the door, and told another employee to call the police. Sanchez then left the storage room with two PlayStations, but defendant had already left.

3

## II. Discussion

### A. Serious Felony Enhancements as to Counts 1 through 6

Defendant contends, and the Attorney General concedes, that the trial court imposed an unauthorized sentence when it ordered him to serve two five-year terms for prior serious felony convictions under section 667, subdivision (a), because these two convictions were not charged and tried separately.

Counts 1 through 6 of the first amended information charged defendant with second degree robbery and count 7 charged defendant with attempted robbery. As to each of these seven counts, the first amended information also alleged three prior serious felony enhancements under section 667, subdivision (a). One prior felony conviction arose from Alameda County Superior Court docket No. H30714A, and the other two prior felony convictions arose from Alameda County Superior Court docket No. 121262. When defendant admitted the prior felony convictions, the trial court indicated that they were docket Nos. H30714A, 121262, and 1612623. The trial court imposed four consecutive terms of 25 years to life plus 15 years for three prior serious felony convictions for counts 1, 4, 5, and 7. The trial court imposed concurrent terms of 25 years to life plus 15 years for counts 2, 3, and 6.

Section 667, subdivision (a)(1) provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction *on charges brought and tried separately*. The terms of the present offense and each enhancement shall run consecutively." (Italics added.) *People v. Harris* (1989) 49 Cal.3d 131 interpreted the phrase "'on charges brought and tried separately'" in section 667 as requiring that "the underlying

4

proceedings must have been formally distinct, from filing to adjudication of guilt." (*Id.* at p. 136.)

Here, since two of the prior serious felonies arose from a single docket number in Alameda County Superior Court, they were not "formally distinct." (*Harris*, *supra*, 49 Cal.3d at p. 136.) Accordingly, defendant was subject to two five-year enhancements, not three.

Relying on *Harris*, *supra*, 49 Cal.3d at p. 137, the Attorney General argues that the matter must be remanded to the trial court for resentencing. While it is true that *Harris* remanded the matter to the trial court, it did not engage in any analysis regarding the proper remedy. (*Ibid.*) As defendant points out, cases are not authority for propositions that were not considered. (*People v. Partida* (2005) 37 Cal.4th 428, 438, fn. 4.) "When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified. [Citations.]" (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1441 (*Haskin*).) Given that the sentencing errors in the present case do not require further fact finding or the further exercise of discretion by the trial court, we will modify the judgment. Thus, the judgment is modified to strike one five-year enhancement pursuant to section 667, subdivision (a).

### B. Serious Felony Enhancements as to Counts 8 through 10

Defendant also contends, and the Attorney General concedes, that the imposition of serious felony enhancements as to counts 8 through 10 was an unauthorized sentence and must be reversed. He contends that since he was neither charged with nor did he admit any enhancement allegations as to these counts, his due process rights were violated.

Counts 8 through 10 charged defendant with criminal threats. The first amended information did not allege any prior serious felony enhancements as to these counts, and

5

defendant did not admit any enhancement allegations as to these counts. However, the trial court imposed a sentence of 25 years to life consecutive to a determinate term of 15 years as to each of these counts, which were then stayed pursuant to section 654.

"Due process requires that an accused be advised of the specific charges against him so he may adequately prepare his defense and not be taken by surprise by evidence offered at trial. [Citations.] This means that except for lesser included offenses, an accused cannot be convicted of an offense of which he has not been charged, regardless of whether there was evidence at his trial to show he committed the offense. [Citation.] . . . The same rules apply to enhancement allegations. [Citation.]" (*Haskin*, *supra*, 4 Cal.App.4th at p. 1438.)

Here, imposition of the determinate terms as to counts 8 through 10, which were neither charged, proved, nor admitted, constitutes an unauthorized sentence. Accordingly, the sentence of 25 years to life consecutive to a determinate term of 15 years as to these counts must be reduced to 25 years to life, and stayed pursuant to section 654. For the reasons previously discussed, we reject the Attorney General's argument that the case must be remanded for resentencing.

### C. Correction of Abstract of Judgment as to Counts 11 through 15

Defendant next contends, and the People concede, that the abstract of judgment must be corrected to reflect the oral pronouncement of judgment on counts 11 through 15.

The first amended information did not allege serious felony enhancements (§ 667, subd. (a)) as to counts 11 through 15, defendant did not admit any such allegations, and the trial court did not impose additional punishment for them. However, the clerk's minutes and the abstract of judgment indicate that the trial court imposed additional punishment of 15 years as to counts 11 through 15 for three serious felony convictions pursuant to section 667, subdivision (a), which were then stayed pursuant to section 654.

6

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) Thus, here, the serious felony enhancements pursuant to section 667, subdivision (a) as to counts 11 through 15 must be stricken. As previously discussed, we reject the Attorney General's argument that the case must be remanded to the trial court.

### III.    Disposition

The trial court is directed to modify the judgment as follows: (1) counts 1 through 7 are modified to show an indeterminate term of 25 years to life consecutive to a determinate term of 10 years for each count; and (2) counts 8 through 15 are modified to show a term of 25 years to life with no attendant serious felony enhancements and stayed pursuant to section 654. As so modified, the judgment is affirmed. The trial

court shall also amend the abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

_____
Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.

8