Filed 1/12/22  P. v. Paniagua CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARIEL BAKER PANIAGUA,<br><br>    Defendant and Appellant. | B313479<br><br>(Los Angeles County<br>Super. Ct. No. LA081995) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas S. Rubinson, Judge.  Affirmed as modified.

        David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Ariel Baker Paniagua on one count of murder, three counts of attempted murder, two counts of shooting at an occupied motor vehicle, and one count of possession of a firearm by a felon. The jury also found true firearm allegations in connection with each of the offenses and, with one exception, gang allegations. The trial court sentenced Paniagua to a prison term of 268 years four months to life.

Paniagua appealed, contending, among other things, his sentence on one of his two convictions for shooting at an occupied motor vehicle incorrectly reflected a true finding on a gang allegation. Paniagua also argued the trial court should have an opportunity to exercise its discretion whether to strike his prior serious felony conviction under Penal Code section 667, subdivision (a).[1] We affirmed the judgment in most respects and directed the trial court to correct several sentencing and other errors, to exercise its discretion whether to strike the five-year enhancement under section 667, subdivision (a), and to consider the effect, if any, of Senate Bill No. 136 on a prior prison term enhancement under section 667.5, subdivision (b). (*People v. Paniagua* (Nov. 4, 2019, B289253) [nonpub. opn.] (*Paniagua I*).) On remand the trial court corrected the errors we discussed in *Paniagua I*, declined to exercise its discretion to strike the five-year enhancement under section 667, subdivision (a), and struck the prior prison term enhancement under section 667.5, subdivision (b).

---

[1] Undesignated statutory references are to the Penal Code.

Paniagua appealed again.  He argues, the People concede, and we agree the trial court committed two additional sentencing errors on Paniagua's conviction for shooting at an occupied motor vehicle.  First, the trial court erred in imposing firearm enhancements under section 12022.53, subdivisions (b) and (c), because those enhancements do not apply to a conviction for shooting at an occupied motor vehicle.  Second, the trial court erred in imposing a firearm enhancement under section 12022.5, subdivision (a), because that enhancement does not apply where, as here, use of a firearm is an element of the offense.  Therefore, we modify the judgment to strike these enhancements and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

A.   *A Jury Convicts Paniagua of Multiple Crimes, Paniagua Appeals, and We Reverse In Part*

In October 2015 Paniagua went on a shooting spree.  In one shooting, Paniagua fired a gun into a car with three people in it.  One of the bullets hit a car parked down the street and killed someone in it.  In another shooting, Paniagua fired a gun into another occupied car.  (*Paniagua I, supra*, B289253.)

In connection with the first shooting, the People charged Paniagua with murder (§ 187, subd. (a), count 1), attempted, willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, counts 2 through 4), and shooting at an occupied motor vehicle (§ 246, count 5).  In connection with the second shooting, the People charged Paniagua with shooting at an occupied motor vehicle (§ 246, count 7) and possession of a firearm by a felon (§ 29800, subd. (a)(1), count 9).  The People alleged that Paniagua

3

committed all of the offenses for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1); that in committing the offenses related to the first shooting he personally and intentionally discharged a firearm causing great bodily injury or death, within the meaning of section 12022.53, subdivision (d); and that in committing the offense related to the second shooting (count 7) he personally and intentionally discharged a firearm, within the meaning of section 12022.53, subdivision (c), and personally used a firearm, within the meaning of section 12022.5, subdivision (a), and section 12022.53, subdivision (b).  The jury found Paniagua guilty on all counts and found true all the allegations except the gang allegation related to count 7.  Paniagua admitted that he had been convicted of a prior serious or violent felony within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), that the felony was a serious felony within the meaning of section 667, subdivision (a), and that he had served a prior prison term, within the meaning of section 667.5, subdivision (b).

In March 2018 the trial court sentenced Paniagua to prison for 268 years four months to life and imposed and stayed execution of additional terms.  On the conviction for the second shooting at an occupied motor vehicle, count 7 (the subject of this appeal), the court sentenced Paniagua to a term of three years four months, plus 20 years for the firearm enhancement under section 12022.53, subdivision (c), plus five years for the prior serious felony conviction under section 667, subdivision (a).  The court stated that section 186.22, subdivision (b)(4)(B), "mandates

a sentence of life, with a minimum term of that indeterminate sentence being 15 years."[2]  Finally, the court imposed and stayed a 10-year term under section 12022.53, subdivision (b), and the upper term of 10 years under section 12022.5, subdivision (a).[3]

Paniagua appealed.  He argued that, on his conviction for shooting at an occupied motor vehicle in count 7, the trial court erred in imposing the gang enhancement[4] and that the minute order erroneously reflected a true finding on the gang allegation for that count.  Paniagua also asked us to remand the matter for the trial court to exercise its discretion whether to strike the prior serious felony conviction under section 667, subdivision (a). We agreed that the sentence imposed on count 7 for the gang

---

[2]     As discussed, the court erroneously imposed this term because the jury found the gang allegation related to count 7 not true.

[3]     The court cited the seriousness of Paniagua's crimes, stating:  "The circumstances of the present case are so extreme and demonstrate a lawlessness from Mr. Paniagua and such a commitment to his gang and the gang lifestyle and put the community—killing an absolutely—I mean, everybody involved in the case was innocent, but the person who was killed was just a regular guy, going to his car, and because of Mr. Paniagua's gang commitment and his willingness to spray bullets through the air of our community and let the chips fall where they may, an innocent man is dead for no reason."

[4]     Technically, section 186.22, subdivision (b)(4)(B), "is not an enhancement, but rather an 'alternative penalty provision,' meaning it sets forth an alternative penalty for the underlying offense if the jury finds the conditions specified in the provision have been satisfied." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1011, fn. 8; see *People v. Jones* (2009) 47 Cal.4th 566, 576.)

5

allegation was unauthorized and that the minute order incorrectly reflected a true finding on the gang allegation. We directed the trial court to correct this and other errors, to exercise its discretion whether to strike the prior serious felony conviction under section 667, subdivision (a), and to consider the effect, if any, of Senate Bill No. 136 on the enhancement under section 667.5, subdivision (b).[5] (*Paniagua I*, *supra*, B289253.)

B. *The Trial Court Resentences Paniagua*

The trial court resentenced Paniagua in June 2021. As relevant to this appeal, the court acknowledged the sentencing error on count 7 and stated, "There's no sentence whatsoever on [the] gang allegation." The court also struck the portions of the minute order that stated the jury had found the gang allegation true and that the court had imposed a term of 15 years to life for the true finding. The court also struck the one-year enhancement because section 667.5, subdivision (b), as amended by Senate Bill

---

[5]     At the time the trial court sentenced Paniagua in 2018, section 667.5, subdivision (b), required the court to impose a one-year enhancement for each true finding "the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Senate Bill No. 136, effective January 1, 2020, amended section 667.5, subdivision (b), by limiting the applicability of the one-year prior prison term enhancement to defendants who served a prior prison sentence for a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1; see *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1092, review granted Feb. 17, 2021, S266521; *People v. Shaw* (2020) 56 Cal.App.5th 582, 588.)

6

No. 136, no longer applied to Paniagua's prior prison term. Finally, the court acknowledged it had discretion to strike the prior serious felony allegation but declined to do so, stating that Paniagua's "record is obviously quite serious, and the crimes in this case couldn't be much more serious, and there were multiple crimes for days, shooting guns on the streets of Los Angeles in broad daylight." Paniagua appealed again.

## DISCUSSION

A. *The Trial Court Erred in Imposing the Firearm Enhancements on Count 7*

Paniagua argues, the People concede, and we agree the trial court erred in imposing the firearm enhancement under section 12022.53, subdivision (c), on count 7. Section 12022.53, subdivisions (b)-(d), provide for enhancements where the defendant uses or personally and intentionally discharges a firearm in the commission of certain felonies. Section 12022.53, subdivision (a), lists most of those felonies. (See *People v. Anderson* (2020) 9 Cal.5th 946, 950-951 [section 12022.53 "'imposes sentence enhancements for firearm use applicable to certain enumerated felonies,'" where the "'enhancements vary in length, corresponding to various uses of a firearm'"]; *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395 [section 12022.53 applies "to an enumerated list of felony offenses"].) As discussed, the jury found true the allegation Paniagua personally and intentionally discharged a firearm in the commission of shooting at an occupied motor vehicle, in violation of section 246, and the trial court imposed a 20-year enhancement under section 12022.53, subdivision (c). Section 246, however, is not one of the

felonies listed in section 12022.53, subdivision (a). Section 246 is listed in section 12022.53, subdivision (d), but the enhancement only applies under that subdivision where the defendant personally and intentionally discharges a firearm and proximately causes great bodily injury or death. That did not occur in connection with count 7; the shots Paniagua fired into the second vehicle did not hit anyone.

Section 12022.53, subdivision (a)(17), provides the firearm use enhancement also applies to any felony "punishable by death or imprisonment in the state prison for life." As discussed, the trial court initially imposed a sentence of 15 years to life for a true finding on the gang allegation for count 7. (See *People v. Brookfield* (2009) 47 Cal.4th 583, 591 ["Because the felony that defendant committed (shooting at an inhabited dwelling) was punishable by a life term under section 186.22(b)(4) (because it was committed to benefit a criminal street gang), he committed a 'felony punishable by . . . imprisonment in the state prison for life' within the meaning of subdivision (a)(17) of section 12022.53."].) But that was a mistake: The jury actually found that gang allegation not true, and at resentencing the court struck that term. Therefore, the sentence on count 7 was no longer a life sentence, and the trial court erred in imposing the firearm enhancement under section 12022.53, subdivision (c). For the same reason, the court erred in imposing and staying execution of the firearm enhancement under section 12022.53, subdivision (b). (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1130 ["section 12022.53 requires that, after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements

8

that were found true for the same crime must be imposed and then stayed"].)

Paniagua also argues, the People concede, and we agree the firearm enhancement under section 12022.5, subdivision (a), does not apply to his conviction for shooting at an occupied motor vehicle. Section 12022.5, subdivision (a), provides that any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional term of imprisonment, "unless use of a firearm is an element of that offense." Firearm use is an element of the offense of shooting at an occupied motor vehicle. (See § 246 ["[a]ny person who shall maliciously and willfully discharge a firearm at an . . . occupied motor vehicle . . . is guilty of a felony"]; *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1526-1527 ["firearm use is a necessary element of the offense of discharging a firearm at an occupied motor vehicle"].) Therefore, section 12022.5, subdivision (a), does not apply to count 7. (See *People v. Kramer* (2002) 29 Cal.4th 720, 723, fn. 2 [section 12022.5, subdivision (a), does not apply to the crime of discharging a firearm at an occupied motor vehicle because firearm use is an element of the underlying offense].)

B.    *Remand Is Not Necessary*

Citing *People v. Buycks* (2018) 5 Cal.5th 857, Paniagua contends that, in addition to striking the unauthorized firearm enhancements, we should remand the matter to allow the trial court to conduct ""a full resentencing as to all counts."" The People argue that we should modify the judgment to correct the

9

sentencing errors without remanding. Remand is not appropriate in this case.

Appellate courts have the authority to modify an unauthorized sentence without remanding the case for the trial court to correct the error. (§ 1260; see *People v. Thomas* (2012) 53 Cal.4th 771, 837 [modifying the judgment to correct an erroneous sentence that did not reflect the jury's verdict]; *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1197-1198 [modifying the judgment to correct the erroneous application of the "'one-third-the-midterm rule'" of section 1170.1, subdivision (a)].) "'When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified.'" (*People v. Harbison* (2014) 230 Cal.App.4th 975, 986; see *People v. Haskin* (1992) 4 Cal.App.4th 1434, 1441.)

Correcting the unauthorized portions of Paniagua's sentence on count 7 does not require additional evidence, fact finding, or further exercise of discretion. Indeed, at resentencing, the trial court declined to exercise its discretion to strike the prior serious felony conviction under section 667, subdivision (a), or to modify the judgment other than as we directed. In addition, no other part of Paniagua's aggregate sentence depends on the three, now-stricken firearm enhancements (two of which the trial court stayed execution of). (Cf. *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant," for example, "when a felony conviction supplying a principal sentence term is reversed on appeal and the case returns to the trial court for resentencing, that court must select another conviction, if it exists, to supply the new principal term"];

10

*People v. Buycks*, *supra*, 5 Cal.5th at p. 894 [when resentencing a defendant under section 1170.18, subdivision (a), the court must "resentence the defendant generally and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction"].)

Paniagua argues we should remand the matter ""'so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"" Paniagua, however, does not identify what discretion remains for the trial court to exercise. Moreover, the trial court imposed consecutive sentences on each count and, stating Paniagua committed "an appalling set of crimes," the court declined to strike Paniagua's prior serious or violent felony conviction under the three strikes law or the firearm enhancements under section 12022.53, subdivision (h). The court also selected the upper term on the firearm enhancement under section 12022.5, subdivision (a), and commented on Paniagua's egregious conduct and senseless violence, both at the initial sentencing hearing and at resentencing. As a result, the court essentially imposed the maximum possible sentence. There is no realistic possibility remand would accomplish anything. (See *People v. Buycks*, *supra*, 5 Cal.5th at p. 896, fn. 15 ["Because the resentencing court had imposed the maximum possible sentence . . . there is no need to remand the matter to the trial court to exercise its sentencing discretion anew."]; *People v. Lopez* (2019) 42 Cal.App.5th 337, 342 ["Because the trial court imposed the maximum possible sentence, there is no need for the court to again exercise its sentencing discretion."]; *People v. Franks* (2019) 35 Cal.App.5th 883, 893 [the record "affirmatively demonstrates that the trial court was not inclined towards leniency and would

not exercise its new discretion to strike defendant's enhancement"].)

## DISPOSITION

The judgment is modified to strike the firearm enhancements on count 7.  As modified, the judgment is affirmed. The trial court is directed to correct the abstract of judgment and send a copy of the amended abstract to the Department of Corrections and Rehabilitation.

SEGAL, J.

We concur:

PERLUSS, P. J.

WISE, J.[*]

---

[*]     Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.