Filed 10/20/23  P. v. Hodge CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B319222 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA077232) |
| v. | |
| DAMIEN HODGE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan Z. Yudkowsky, Temporary Judge. (Pursuant to Cal. Cons., art. VI, § 21.)  Affirmed as modified with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2019, a jury found defendant and appellant Damien Hodge guilty of dissuading a witness (Pen. Code, § 136.1; count 2) and of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 3) and acquitted him on one count of injuring a spouse/girlfriend (§ 273.5, subd. (a); count 1). At the original sentencing hearing on February 11, 2020, the court sentenced defendant to an eight-year prison term, awarding 183 days of presentence custody credits. While defendant's direct appeal was pending, the court corrected the award of presentence custody credits to reflect a total of 304 days and prepared an amended abstract of judgment.

In 2021, we vacated defendant's sentence and remanded with directions to the trial court to hold a new trial on the prior conviction allegation or obtain a knowing and voluntary waiver and admission of the prior conviction from defendant in accordance with applicable law; to correct the error in the original sentencing minute order and abstract of judgment that incorrectly stated the conviction on count 3 was a serious and violent felony; and to hold a new sentencing hearing. We affirmed the judgment of conviction in all other respects. (*People v. Hodge* (July 7, 2021, B305189) [nonpub. opn.].)

The remittitur issued September 8, 2021, and the resentencing hearing was held February 25, 2022. Defendant was present with counsel.

Defendant admitted his prior strike conviction from 2005. The court denied defendant's renewed motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. And, the court ordered the original sentencing minute order corrected to reflect that count 3 was not a serious or violent felony.

The court resentenced defendant to six years in prison, calculated as follows: a three-year midterm on count 3, doubled due to the prior strike conviction; and a concurrent three-year midterm on count 2, doubled due to the prior strike. The court awarded defendant total custody credits of 746 days.

Defendant now appeals from the resentencing hearing contending only that the trial court incorrectly calculated custody credits. Both defendant and the People agree that defendant is entitled to a further correction reflecting 1,049 days of custody credits.

We agree. It is undisputed defendant was arrested on September 13, 2019, and remained in local custody until the date of the original sentencing on February 11, 2020. Defendant was entitled to an award of 304 days of presentence custody credits for this time period (152 actual, 152 conduct). It is undisputed defendant was then resentenced on February 25, 2022, and was entitled to an award of 745 actual days (2020 was a leap year) for this time period. Defendant is entitled to an award of total custody credits in the amount of 1,049 days. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23-24; see also Pen. Code, §§ 2900.1, 2900.5 & 4019.)

The judgment shall be modified to so reflect. (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1441 [where error in sentence "does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified"].) On remand, the trial court shall prepare an amended abstract of judgment to reflect the correct amount of custody credits.

**DISPOSITION**

The judgment is modified to reflect the award of 1,049 total days of custody credits. As so modified, the judgment is affirmed. On remand, the superior court shall issue a new abstract of judgment reflecting the modification and forward same to the Department of Corrections and Rehabilitation.


GRIMES, Acting P. J.

WE CONCUR:



WILEY, J.



VIRAMONTES, J.

4