Filed 6/30/25  P. v. Taylor CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSIE JAMES TAYLOR,<br><br>    Defendant and Appellant. | A170177<br><br>(Alameda County Super. Ct. No. 173702) |

Jessie James Taylor appeals from the sentence the trial court imposed in response to his petition for resentencing under Penal Code,[1] section 1172.75.  He contends, and the People agree, that the trial court erred by imposing an enhancement under section 667, subdivision (a) (section 667(a)) that he never admitted in his plea and by failing to update his days of credits for time served.  He also points out a clerical error in the abstract of judgment.  We agree with Taylor's arguments and remand the case for resentencing to address them.

---

[1] Undesignated statutory citations are to the Penal Code.

1

## BACKGROUND

The facts concerning Taylor's offense, which are set forth in more detail in our opinion in Taylor's companion appeal, are irrelevant here. It suffices here to note that on May 10, 2016, Taylor pled no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted one prior conviction for attempted second degree robbery (§ 211) as a prior prison term under section 667.5, subdivision (b) (section 667.5(b)) and as a strike under sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2), but not as a serious felony. Taylor also admitted to serving prior prison terms under section 667(b) on two other convictions for attempted grand theft (§ 487, subd. (c)) and attempted second degree robbery but did not admit those two convictions as strikes or serious felonies. In August 2016, the trial court sentenced Taylor to the negotiated term of 25 years in prison, which consisted of the upper term of 11 years for voluntary manslaughter (§ 193, subd. (a)), doubled because of the one admitted strike, with one year for each of the admitted prior prison terms under section 667.5(b). The court awarded 928 days of actual custody credits and 139 days of conduct credits for a total of 1,067 days.

During proceedings on a petition Taylor filed for resentencing under section 1172.6 (discussed in more detail in our opinion in the companion appeal), Taylor also requested a full resentencing under section 1172.75 because the prior prison term enhancements he admitted were no longer valid after recent legislation. While opposing Taylor's section 1172.6 petition, the

2

People agreed that resentencing under section 1172.75 was appropriate.

The trial court held a section 1172.75 resentencing hearing on March 12, 2024, at which it agreed that Taylor's three prior prison term enhancements were now invalid. The trial court also agreed that Taylor was entitled to a full resentencing that would give Taylor the benefit of any law that had been passed since Taylor's original sentencing that would reduce his sentence. Taylor's counsel asserted that the trial court could no longer impose the upper term for manslaughter because of an amendment to section 1170, subdivision (d) and also asked the trial court to dismiss the prior strike. The trial court declined to dismiss the strike and imposed the middle term of six years for voluntary manslaughter, doubled because of the strike to 12 years. It also ordered that in place of the prior prison term enhancements under section 667.5(b) there would be a five-year term imposed under section 667(a). The court therefore imposed a total term of 17 years. The court recognized that Taylor had at that point served "a little over 10 years" but did not calculate a precise amount of custody credits. The amended abstract of judgment stated Taylor's date of conviction as May 16, 2016.

## DISCUSSION

### I. Section 667(a) Enhancement

"Effective January 1, 2020, Senate Bill [No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1)] amended section 667.5 by limiting imposition of the prior prison term enhancement to prior terms for sexually violent offenses. Then, in Senate Bill [No. 483

3

(2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3)], effective January 1, 2022, the Legislature made the change retroactive, enacting section 1172.75, which provides in subdivision (a) that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.'  The statute expressly provides for resentencing; once a trial court has determined that a defendant's current judgment includes a now-invalid prior prison term enhancement, 'the court *shall recall the sentence and resentence* the defendant.'  (§ 1172.75, subd. (c), italics added; [citation].)

"Among other things, section 1172.75, subdivision (d)(1) and (2) provides that '[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety,' and that '[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (*Id.*, subd. (d)(3).)"  (*People v. Terwilligar* (2025) 109 Cal.App.5th 585, 595.)

Taylor contends that after properly striking the now-invalid section 667.5(b) prior prison term enhancements that he had admitted as part of his original plea and reducing the upper

4

term for voluntary manslaughter to the middle term, the trial court erred by imposing an enhancement under section 667(a) that he never admitted.  The People agree, as do we.

Section 1170.1, subdivision (e) states, "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."  The prosecution cannot substitute one pleaded and admitted enhancement for a different, unpleaded and unadmitted enhancement, even when both enhancements are based on the same conviction.  (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1439–1440.)  The trial court therefore erred by replacing the invalid section 667.5(b) enhancements that Taylor admitted with a section 667(a) enhancement for a prior conviction of a serious felony that he did not.[2]

While they agree on the trial court's error, Taylor and the People disagree over the proper remedy.  The People contend we should remand for resentencing, while Taylor argues we should modify the sentence ourselves by simply striking the section 667(a) enhancement because no other legal sentence is possible.  We need not discuss the issue in detail, however, because, as discussed *post*, the trial court erred by failing to update the calculation of Taylor's actual custody credits.  Because we must

---

[2] Taylor did not object to the trial court's sentence on this ground in the trial court.  However, because the sentence was unauthorized, Taylor's failure to object did not forfeit the issue. (*In re G.C.* (2020) 8 Cal.5th 1119, 1129 [" 'The "unauthorized sentence" rule generally permits . . . defendant[s] to "challenge an unauthorized sentence on appeal even if they failed to object below" ' "]; accord, *People v. King* (2022) 77 Cal.App.5th 629, 635.)

remand the matter in any event for the trial court to correct that error, we will also direct the trial court to address the section 667(a) error by conducting a full resentencing of Taylor. The parties are free to raise their arguments concerning the allowable and appropriate sentence to the trial court in the first instance.

## II. Custody Credits

Taylor contends the trial court erred by failing to update the calculation of his custody credits at the time of resentencing. The People agree, as do we. "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, italics omitted; see *People v. Dean* (2024) 99 Cal.App.5th 391, 396–397 [at resentencing, trial court should update calculation of actual custody credits but not conduct credits].)

Taylor contends he was entitled to 3,690 days of actual custody credits and 139 conduct credits from before his original sentencing, for a total of 3,829. The People offer no calculation of their own and request remand for calculation of the credits. Taylor does not oppose a remand for recalculation of his credits. Because the parties are not in accord about the amount of custody credits but do agree on the propriety of remand, we will remand for recalculation of credits.

## III. Abstract of Judgment

6

On remand, the trial court should also address a third error. As Taylor points out and the People concede, the amended abstract of judgment after the trial court resentenced Taylor incorrectly states the date of his conviction as May 16, 2016. The record shows Taylor entered his plea on May 10, 2016. The abstract of judgment after the trial court resentences Taylor on remand and recalculates his credits shall reflect the correct date of conviction.

## DISPOSITION

The trial court's order is reversed. The matter is remanded for resentencing.

BROWN, P. J.


WE CONCUR:

STREETER, J.
CLAY, J.*


*People v. Taylor* (A170177)

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7